STATE OF MAINE
SOMERSET, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No.: 10-CV-038

Peter Pelletier,

　　　Plaintiff

**DECISION AND JUDGMENT**

v.

Danielle Jackson,

　　　Defendant

The Court conducted a jury-waived trial on Plaintiff's Complaint on August 18, 2011. Attorney Jeffrey Cohen represented the Plaintiff. Attorney Humphrey Johnson represented the Defendant.

After consideration of the evidence and the parties' arguments, the Court finds as follows:

Findings of Fact

1. In the afternoon of May 28, 2008, Plaintiff was operating his 2008 Harley Davidson motorcycle in a westerly direction on Route 2 in Skowhegan, Maine.

2. In Skowhegan, Route 2 intersects with the end of the Malbons Mill Road.

3. As Plaintiff approached the intersection of Route 2 and the Malbons Mill Road, Plaintiff was traveling behind a UPS "box truck."

4. Before reaching the intersection of Route 2 and the Malbons Mill Road, Plaintiff observed Defendant's vehicle stopped at the stop sign at the end of the Malbons Mill Road where the road intersects with Route 2.

5. As the UPS truck approached the intersection, the truck slowed and signaled to make a right turn on to the Malbons Mill Road.

6. When he observed the UPS truck slow and signal to turn, Plaintiff reduced the speed of his motorcycle.

7. While the UPS truck was making its turn on to the Malbons Mill Road, Defendant entered the intersection and attempted to move into the eastbound lane of Route 2.

8. Defendant did not see Plaintiff on his motorcycle at any time prior to entering the intersection.

9. When Plaintiff saw Defendant's motor vehicle in the intersection, he applied the brakes on the motorcycle in an effort to avoid the collision. Defendant similarly applied the brakes on her vehicle immediately upon observing Plaintiff's motorcycle in the intersection.

10. The parties were unable to avoid a collision. Plaintiff's motorcycle and Defendant's motor vehicle collided on Route 2. The point of impact on Defendant's vehicle was between the front driver's side wheel well and the front door.

11. At the time of the impact, Plaintiff was in the process of passing the UPS truck as it turned on to the Malbons Mills Road. The parties' vehicles collided in the eastbound lane of Route 2. At the location of the impact, a solid, double yellow line separates the eastbound and westbound lanes of Route 2. As it attempted to stop, Plaintiff's motorcycle left a skid mark in the eastbound lane of Route 2.

12. Shortly after impact, Plaintiff was catapulted off his motorcycle and over Defendant's vehicle. Plaintiff landed on the pavement of Route 2.

13. While on the pavement, Plaintiff could feel blood from an abrasion to his scalp and could feel a lump on his head.

14. Emergency medical personnel responded to the scene, attended to Plaintiff, and thereafter transported Plaintiff to the local hospital.

15. While on route to the hospital and while at the hospital, Plaintiff experienced a headache and nausea.

16. After hospital personnel conducted several diagnostic tests, which did not reveal any structural injury, they discharged Plaintiff with instructions to return in a few days for a follow-up exam. The emergency room physician diagnosed Plaintiff as suffering a concussion, a left hand laceration, and multiple contusions.

17. On June 1, 2008, Plaintiff returned to the emergency room for a recheck. At that time, the emergency room physician noted that Plaintiff was slowly improving. The physician instructed Plaintiff that he could return to work on June 9, 2008.

18. During his convalescence at home, Plaintiff was not particularly active. His brother and his girlfriend assisted him, and performed a number of the physical tasks that Plaintiff was unable to perform. Plaintiff experienced concussion-related symptoms for several weeks following the collision.

19. On June 4, 2008, Plaintiff consulted John Bonney, M.D., regarding his accident-related injuries and to arrange for a liver function study that was not related to the accident.

20. On June 11, 2008, Plaintiff visited Kimberly Bailey, D.C., for treatment for back symptoms.

21. After being cleared by his employer's doctor, Plaintiff was cleared to return to work at a local railroad on June 19, 2008.

22. At the time of the collision, Plaintiff was earning $177.44 for each eight-hour day that he worked. As the result of the collision, Plaintiff was out of work from May 29, 2008 through June 18, 2008. Plaintiff, therefore, missed 15 work days.

23. Plaintiff incurred the following medical expenses in connection with medical treatment for injuries sustained in the collision: Redington-Fairview General Hospital: $3,852.64; and John Bonney, M.D.: $199.

## Discussion

Plaintiff contends that Defendant was negligent when she entered the intersection without determining whether another vehicle was traveling in a westerly direction on Route 2 behind the UPS truck. More specifically, Plaintiff maintains that because Defendant entered the intersection despite the fact that she could not see behind the UPS truck, Defendant acted unreasonably.

Defendant argues that Plaintiff imprudently attempted to pass the UPS truck as it turned on to the Malbons Mill Road and, therefore, Plaintiff is at least partially responsible for the collision. In support of this contention, Defendant cites Plaintiff's knowledge of Defendant's presence at the intersection, and the location of the impact (i.e., in the eastbound lane of Route 2).

Just prior to the collision, Defendant was stopped on the Malbons Mill Road at the stop sign of the intersection of Route 2 and the Malbons Mill Road. The vehicles

traveling on Route 2 have the right of way. Defendant was thus required to take reasonable measures to determine whether she could enter the intersection safely. Because she entered the intersection without confirming that the UPS vehicle was the only vehicle on Route 2 in the immediate vicinity of the intersection, Defendant did not act reasonably and, therefore, was negligent.

The objective evidence, including the fact that the skid mark from Plaintiff's motorcycle and the point of impact were in the eastbound lane of Route 2, convinces the Court that Plaintiff was passing the UPS vehicle to the left of the center line at the time of the collision. Particularly given that as he approached the intersection Plaintiff observed Defendant's vehicle waiting to enter the intersection, Plaintiff failed to use reasonable care by attempting to pass without accounting for the location of Defendant's vehicle.

Maine law provides that when both parties are at fault in a negligence action, the Court must the compare the parties' relative responsibility to determine whether the plaintiff's fault is equal to or greater than the defendant's fault. 14 M.R.S. § 156 (2010). In the event that a plaintiff's fault is equal to or greater than a defendant's fault, the plaintiff cannot recover. Id. In this case, because those traveling along Route 2 clearly had the right of way, Defendant's decision to enter Route 2 without confirming the absence of a vehicle behind the UPS constitutes a greater degree of negligence than Plaintiff's negligence. Plaintiff can, therefore, recover against Defendant.

As the result of the collision, Plaintiff suffered a concussion as well as various contusions and abrasions. Although his convalescence was not particularly lengthy, Plaintiff's activities, including work, were limited for a period of time. In fact, Plaintiff

missed 15 days of work due to his injuries. Plaintiff also continued to experience concussion related symptoms and soreness for several weeks following the collision.

As the result of the collision, Plaintiff lost $2,661.60 in wages,[1] and incurred $4,051.64 in medical expenses. The Court finds the amounts to be reasonable and to be causally related to the collision. In addition, the Court assesses Plaintiff's other damages (pain and suffering and loss of enjoyment of life) at $6,000. Plaintiff's total damages are thus $12,713.24

Because both parties were at fault, the Court must reduce Plaintiff's recovery by an amount that the Court finds to be just and equitable given Plaintiff's responsibility for the collision and the resulting injuries. 14 M.R.S. § 156 (2010). The Court, therefore, reduces the amount of Plaintiff's recovery by $2,500 to $10,213.24.

Based on the foregoing analysis, the Court enters judgment in favor of Plaintiff and against Defendant in the amount of $10,213.24 together with interest and costs.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Judgment into the docket by reference.

Dated: 8/25/11

Justice, Maine Superior Court

---

[1] Plaintiff's lost wage claim was computed by multiplying the number of days that Plaintiff missed from work (15) by the amount that he earned ($177.44) for an eight-hour day at the time.

```
PETER E PELLETIER  - PLAINTIFF                        SUPERIOR COURT
729 WILDER HILL ROAD                                  SOMERSET, ss.
SMITHFIELD ME 04978                                   Docket No  SKOSC-CV-2010-00038
Attorney for: PETER E PELLETIER
JEFFREY COHEN  - RETAINED
MCTEAGUE HIGBEE CASE COHEN ET AL                      DOCKET RECORD
FOUR UNION PARK
PO BOX 5000
TOPSHAM ME 04086-5000


vs
DANIELLE JACKSON   - DEFENDANT
24 SAND ROAD
CANAAN ME 04924
Attorney for: DANIELLE JACKSON
HUMPHREY HN JOHNSON  - RETAINED
LAW OFFICE OF GERARD FOURNIER
130 MIDDLE STREET
PORTLAND ME 04101


Filing Document: COMPLAINT                   Minor Case Type: PROPERTY NEGLIGENCE
Filing Date: 09/28/2010
```

## Docket Events:

09/29/2010 FILING DOCUMENT - COMPLAINT FILED ON 09/28/2010

09/29/2010 Party(s):  PETER E PELLETIER
           ATTORNEY - RETAINED ENTERED ON 09/28/2010
           Plaintiff's Attorney: JEFFREY COHEN

09/29/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/28/2010

10/13/2010 Party(s):  DANIELLE JACKSON
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 10/12/2010

10/13/2010 Party(s):  DANIELLE JACKSON
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 10/02/2010

10/19/2010 Party(s):  DANIELLE JACKSON
           RESPONSIVE PLEADING - ANSWER FILED ON 10/19/2010
           Defendant's Attorney: HUMPHREY HN JOHNSON

10/20/2010 Party(s):  DANIELLE JACKSON
           ATTORNEY - RETAINED ENTERED ON 10/19/2010
           Defendant's Attorney: HUMPHREY HN JOHNSON